DENNIS, Justice,
dissenting.
I respectfully dissent.
In my opinion there is no dispute as to a material issue of fact or credibility in the instant case. Adams was given an option to purchase immovable property, which, in pertinent part, provided:
“If Jerry A. Adams fail [sic] to purchase the above described property, on Nov. 1,1976 Mills, Newt V., agreement to sell is void and agreement to sell is canceled.”
The contract is not ambiguous. Adams was required to “purchase” the property on November 1, 1976. He did not do so. In fact, he did not even tender the purchase price before that date. Accordingly, the option or offer to sell by Mills expired on November 1, 1976 in accordance with the agreement between the parties. The course charted by the majority opinion, although well-intentioned and based on principles of “fair dealing,” ignores the clear provisions of the contract between the parties and will have far-reaching effects upon thousands of transactions involving immovable property in this state. Unless the owner of property frames the option or offer to sell in the most explicit terms, he will not be able to prevent the offeree from effecting an indefinite extension of his offer to sell by simply indicating an intention to purchase before the expiration of the offer.